ORIGINAL

# In the United States Court of Federal Claims

No. 17-762C
Filed October 18, 2017
NOT FOR PUBLICATION

FILED
OCT 18 2017
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| DEREK N. JARVIS, | ) |
| Plaintiff, | ) |
| v. | ) *Pro Se*; Rule 12(b)(1); Subject-Matter Jurisdiction; *In Forma Pauperis*. |
| THE UNITED STATES, | ) |
| Defendant. | ) |

*Derek N. Jarvis*, Silver Spring, MD, plaintiff *pro se*.

*Delisa M. Sanchez*, Trial Attorney, *Tara K. Hogan*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Reader*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I. INTRODUCTION

In this matter, plaintiff *pro se*, Derek N. Jarvis, challenges the United States District Court for the District of Maryland's dispositions of several civil actions that plaintiff has filed before that court. *See generally* Compl. Specifically, plaintiff alleges that the actions of the district court violated, among other things, the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; 18 U.S.C. §§ 214-242; and 28 U.S.C. § 453. Compl. at ¶¶ 4, 5, 31. The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss and **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff commenced this action on June 6, 2017. *See generally* Compl. Plaintiff's complaint is difficult to follow. But, it appears that the gravamen of plaintiff's complaint is a challenge of the United States District Court for the District of Maryland's dispositions of several civil actions that plaintiff has filed before that court. *See generally* Compl.

As background, plaintiff has collectively filed approximately 36 cases in the United States District Court for the Eastern District of Virginia, the United States District Court for the District of Columbia, and the United States District Court for the District of Maryland since 2009. Def. Mot. at 1. Approximately 17 of these matter have been filed by plaintiff in the United States District Court for the District of Maryland. *Id.*

In the complaint, plaintiff alleges that several district judges for the United States District Court for the District of Maryland and other district court personnel have "fraudulently denied [him] access to impartial justice as demonstrated in the order(s) in every one of plaintiff's cases." Compl. at ¶ 10. Plaintiff also alleges that the district court judges have routinely dismissed his cases, in violation of plaintiff's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Compl. at ¶¶ 4-5, 15, 39-40.

In this regard, plaintiff contends that he was denied the right to proceed to the discovery phases of his litigation, and to trial, in many of these cases. Compl. at ¶¶ 27, 31, 78. And so, plaintiff contends that the judges presiding over those matters prejudiced him by allowing the defendants to "conceal evidence," thereby depriving plaintiff of his civil rights. Compl. at ¶¶ 31, 52, 61, 76.

As relief, plaintiff requests that the Court:

> 1) Appoint a Grand Jury and prosecutor to investigate RICO violations against the Maryland Court, 2) VOID all order(s) issued by the Court in Maryland by the district court judges, 3) submit this brief to the U.S. Attorney's Office for investigation and the DOJ, and 4) VOID all

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint and the exhibits attached thereto ("Compl."); the government's motion to dismiss ("Def. Mot."); plaintiff's opposition to the government's motion to dismiss ("Pl. Resp.); the government's reply in support of its motion to dismiss ("Def. Reply") and plaintiff's sur-reply (Pl. Sur."). Except where otherwise noted, the facts recited herein are undisputed.

2

>order(s) by the Corrupt federal judges in Maryland as the order(s) are
>Nullities, and were not based upon federal law.

Compl. at ¶ 80.

### B. Procedural Background

Plaintiff filed the complaint in this matter on June 6, 2017. *See generally* Compl. On June 6, 2017, plaintiff also filed a motion to proceed *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.

On August 7, 2017, the government filed a motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On August 23, 2017, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On September 5, 2017, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. On September 13, 2017, plaintiff filed a motion for leave to file a sur-reply and a sur-reply. *See generally* Sur. Reply. On September 18, 2017, the Court granted plaintiff's motion for leave. *See generally* Order granting motion for leave.

These matters having been fully briefed, the Court addresses the pending motions.

## III.   STANDARDS OF REVIEW

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleadings requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; internal quotation omitted).

In addition, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of

3

establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*, No. 2014-5029, 2015 WL 2343578, at *1 (Fed. Cir. May 18, 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citation omitted).

### B. Jurisdiction And RCFC 12(b)(1)

It is well-established that this Court's subject-matter jurisdiction must be established before the Court addresses the merits of a claim. *Plains Comm. Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 324 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (stating that subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits.")). When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (citation omitted). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (citing RCFC 12(h)(3)).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act is, however, a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 219 (1983)).

Specifically relevant to this matter, this Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)); *see also Jones v. United States*, No. 15-1044, 2016 WL 447144, at 1 (Fed. Cl. Feb. 4, 2016). And so, the Court must dismiss a claim seeking to review the decisions of district courts for lack of subject-matter jurisdiction.

## IV. DISCUSSION

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction upon the grounds that: (1) the Court may not consider plaintiff's challenge to the actions of the United States District Court for the District of Maryland; (2) the Court may not entertain plaintiff's claims against any party other than the United States; and (3) plaintiff's constitutional, criminal law, *Bivens*, judicial misconduct, and civil rights claims are jurisdictionally precluded by the Tucker Act. Def. Mot. at 4-5; Def. Rep. at 2-3. For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider any of the plaintiff's claims. And so, the Court **GRANTS** the government's motion to dismiss and dismisses the complaint. RCFC 12(b)(1).

### 1. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Challenge Of The District Court's Decisions

As an initial matter, to the extent that plaintiff seeks to challenge the district court's decisions to dismiss his cases, the Court does not possess subject-matter jurisdiction to consider this claim. In the complaint, plaintiff alleges that the judges of the United States District Court for the District of Maryland obstructed justice by dismissing his cases. Compl. at ¶¶ 25-30. Specifically, plaintiff alleges that "federal judges, engaged in a 'pattern and practice' of obstruction of justice tactics to prevent [him] from going to trial and even discovery on the merits of his cases." Compl. at ¶ 27.

Plaintiff also alleges that several district judges for the United States District Court for the District of Maryland and other district court personnel have "fraudulently denied [him] access to impartial justice as demonstrated in the order(s) in every one of Plaintiff's cases." Compl. at ¶ 10. And so, plaintiff maintains in this action that the district court judges have violated his due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution. Compl. at ¶¶ 4-5, 15, 39-40.

The United States Court of Appeals for the Federal Circuit has long held that this Court does not possess subject-matter jurisdiction to review the decisions of district courts relating to proceedings before those courts. *Joshua*, 17 F.3d at 380 (stating that the Court does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals."); *see also Vereda., LTDA. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that this Court is not an appellate tribunal, and does not have jurisdiction to review the decisions of district courts). That is precisely the action that plaintiff seeks in the complaint. And so, the Court must dismiss plaintiff's claim challenging the actions of the district court for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 2. The Court May Not Consider Plaintiff's Claims Against Parties Other Than The United States

This Court is also without jurisdiction to consider plaintiff's claims against the district court judges and other district court personnel named in the complaint. *See* Compl. at ¶ 10. It is

6

well-established that the United States is the only proper defendant in cases brought in this Court. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (emphasis original). And so, the Court does not possess subject-matter jurisdiction to consider plaintiff's claims against individual judges and court personnel. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (stating that the Court of Federal Claims "is without jurisdiction of any suit brought against private parties . . . ."); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (stating that "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself.").

In addition, plaintiff may not rely upon *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), to bring his claims against the court officials named in the complaint. *See* Compl. at ¶ 2; *see also* Pl. Resp. at 7. The United States Court of Appeals for the Federal Circuit has held that the Tucker Act does not grant the Court jurisdiction to consider such claims. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). And so, the Court must also dismiss plaintiff's *Bivens* claims.

### 3. The Court May Not Consider Plaintiff's Criminal Law Claims

In addition, this Court does not possess subject-matter jurisdiction to consider plaintiff's criminal law claims. *See Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) (holding that this Court cannot review criminal matters); *Joshua*, 17 F.3d at 379 ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."). A careful reading of the complaint demonstrates that plaintiff alleges violations of several federal criminal statutes, including, 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under the color of law). Compl. at ¶¶ 19, 21-23, 24. Because the Court does not possess subject-matter jurisdiction to consider such claims, the Court must also dismiss plaintiff's criminal law claims. RCFC 12(b)(1).

### 4. Plaintiff's Constitutional Claims Are Also Jurisdictionally Precluded

The Court is similarly without jurisdiction to entertain plaintiff's constitutional claims. In the complaint, plaintiff alleges due process and equal protection claims under the Fifth and

Fourteenth Amendments. *See generally* Compl. But, this Court does not possess jurisdiction to consider claims based upon the Fifth Amendment's Due Process Clause, as this provision is not a money-mandating provision of law. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed Cir. 1995) (finding that the Due Process and Equal Protection Clauses of the Fourteenth Amendment do not constitute "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); *see also McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) ("[T]he Fifth Amendment is not a source that mandates the payment of money to plaintiff."). The Court is similarly without jurisdiction to consider plaintiff's equal protection and due process claims brought pursuant to the Fourteenth Amendment. *See LeBlanc*, 50 F.3d at 1028; *see also Quailes v. United States*, 25 Cl. Ct. 659, 664, *aff'd*, 979 F.2d 216 (Fed. Cir. 1992) ("This court does not have jurisdiction . . . because neither the due process or equal protection clauses of the Constitution 'obligate the United States to pay money damages.'") (citation omitted). And so, the Court must also dismiss these claims. RCFC 12(b)(1).

### 5. The Other Statutes Relied Upon By Plaintiff Do Not Confer Jurisdiction

Lastly, the Court is also without jurisdiction to consider plaintiff's civil rights claims. *See* 42 U.S.C. § 1981. In the complaint, plaintiff alleges that the district judges who presided over his a cases should be held liable under 42 U.S.C. § 1983. This Court has long recognized that civil rights claims brought pursuant to Section 1983 may only be brought in a United States district court. *See Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (stating that the United States Court of Federal Claims "does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts").

This Court similarly does not possess subject-matter jurisdiction to consider plaintiff's allegations of judicial misconduct under 28 U.S.C. § 453. *See* Pl. Resp. at 4. As the government correctly observes in its reply brief, Section 453 is not a money-mandating source of law and this statute cannot be relied upon by plaintiff to establish jurisdiction under the Tucker Act. *See Hardin v. United States*, No. 14-557C, 2014 WL 4724472, at *3 (Fed. Cl. Sept. 23, 2014) ("Claims for alleged judicial misconduct under 28 U.S.C. § 455 are not money-mandating and therefore cannot serve as a basis for jurisdiction in this court.") (citation omitted). Given this, the Court must dismiss plaintiff's civil rights and judicial misconduct claims. RCFC 12(b)(1).

8

### B. Plaintiff's Motion To Proceed *In Forma Pauperis* Satisfies The Statutory Requirement

As a final matter, plaintiff has moved to proceed *in forma pauperis* in this matter. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize the commencement of a lawsuit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a)(1); *see also* 28 U.S.C. § 2503(d).[2]

After reviewing plaintiff's submission, the Court finds that plaintiff has satisfied the statutory requirements to proceed *in forma pauperis*. And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for the limited purpose of resolving the jurisdictional issues raised in the government's motion to dismiss.

## V. CONCLUSION

In sum, when construed in the light most favorable to plaintiff, plaintiff fails to demonstrate that the Court possesses subject-matter jurisdiction to consider any of his claims in this matter. And so, the Court must dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(b)(1).

In light of plaintiff's *pro se* status—and plaintiff's representation that he is unable to pay the Court's filing fee—the Court grants plaintiff's request to proceed in this matter *in forma pauperis* for the limited purpose of resolving the jurisdictional issues raised by the government's motion to dismiss.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss; and

2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

---

[2] The Government does not oppose plaintiff's motion to proceed *in forma pauperis*. *See generally* Def. Resp. to Pl. Mot. to Proceed *In Forma Pauperis*, June 23, 2017.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge