**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-762C
Filed November 6, 2017
NOT FOR PUBLICATION

**FILED**
NOV - 6 2017
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| DEREK N. JARVIS, | ) |
| Plaintiff, | ) |
| v. | ) RCFC 59(a); Motion for Reconsideration. |
| THE UNITED STATES, | ) |
| Defendant. | ) |

*Derek N. Jarvis*, Silver Spring, MD, plaintiff *pro se*.

*Delisa M. Sanchez*, Trial Attorney, *Tara K. Hogan*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Reader*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

GRIGGSBY, Judge

## I.  INTRODUCTION

On October 23, 2017, plaintiff *pro se*, filed a motion for reconsideration of the Court's October 18, 2017, Memorandum Opinion and Order granting the government's motion to dismiss this matter for lack of subject-matter jurisdiction (the "October 18, 2017, Decision"), pursuant to Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **DENIES** plaintiff's motion for reconsideration.

## II.  LEGAL STANDARD

In general, RCFC 59 addresses the grounds for reconsideration and for a new trial. Specifically, RCFC 59(a) provides, in pertinent part, that:

> The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows . . . upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). To prevail upon a motion for reconsideration "the movant must identify a manifest error of law, or mistake of fact." *Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013) (internal citations omitted). Specifically, the moving party must show: "(a) an intervening change in the controlling law has occurred since the original decision; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice." *Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016) (citing *Bishop v. United States*, 26 Cl.Ct. 281, 286 (1992)).

Motions for reconsideration are "not intended to give an unhappy litigant an additional chance to sway the court." *Id.* (internal citations omitted). In addition, "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted). And so, granting such relief requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) *cert. denied*, 546 U.S. 826 (2005) (citation omitted).

### III.  LEGAL ANALYSIS

Plaintiff has not established that he is entitled to reconsideration of the Court's October 18, 2017, Memorandum Opinion and Order dismissing his case for lack of subject-matter jurisdiction under RCFC 59(a). And so, for the reasons discussed below, the Court denies plaintiff's motion for reconsideration.

To obtain relief under RCFC 59(a) in this matter, plaintiff must show that a fraud, a wrong, or injustice has been done to the United States as a result of the Court's decision to dismiss his complaint for lack of subject-matter jurisdiction. RCFC 59(a). Plaintiff makes no such showing here. *See generally* Pl. Mot. Rather, in his motion for reconsideration, plaintiff raises objections that restate the jurisdiction arguments that plaintiff previously made in his response and opposition to the governments motion to dismiss. *See generally* Pl. Mot.[1] These

---

[1] Specifically, plaintiff challenges the government's assertion that: (1) this Court is "a court of Limited Jurisdiction;" (2) the Court "does not possess jurisdiction to consider Plaintiff(s) claims;" (3) the Court

jurisdictional arguments have been addressed and resolved by the Court in the October 18, 2017, Decision. *See generally* October 18, 2017, Decision.

In addition, plaintiff does not demonstrate that any fraud, wrong, or injustice has been done to the United States as a result of the Court's decision to dismiss his claims. *See generally* Pl. Mot.; RCFC 59(a)(1)(C). Nor does plaintiff not cite to any intervening change in the law, or to any evidence that was previously unavailable at the time that the Court issued the October 18, 2017, Decision. *See generally* Pl. Mot.

Plaintiff similarly has not demonstrated any extraordinary circumstances that would result in manifest injustice if his motion for reconsideration is not granted. *See generally* Pl. Mot.; *see also Caldwell*, 391 F.3d at 1235 (to be granted relief pursuant to RCFC 59(a) requires "a showing of extraordinary circumstances"). In sum, plaintiff presents no new arguments or facts in his motion for reconsideration. *See generally* Pl. Mot. A motion for reconsideration "may not be used simply as an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected." *Brock v. United States*, No. 11-176 C, 2016 WL 3619328, at *4 (Fed. Cl. June 23, 2016) (internal citations omitted). And so, the Court must deny plaintiff's motion.

V. CONCLUSION

In light of the foregoing, plaintiff has not met his burden to show that he is entitled to reconsideration of the Court's October 18, 2017, Decision dismissing this matter for lack of subject-matter jurisdiction. And so, the Court **DENIES** plaintiff's motion for reconsideration RCFC 59(a).

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge

---

"Does Not Possess Jurisdiction to Consider Plaintiff(s) claims against Parties other than the United States;" and (4) "The Court does not Possess Jurisdiction to Consider Plaintiff(s) Constitutional Claims." Pl. Mot. at 1-5.